

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

January 27, 1939

Hon. Thomas L. Blanton, Jr.
County Attorney
Shackelford County
Albany, Texas

Dear Sir:

> Opinion No. 0-65
> Re: In Shackelford County:
>     (1) Is it legal for county to pay
>         stenographer for County Judge
>         from General Fund?
>     (2) How may deputies, assistants,
>         etc. of Sheriff's and Clerk's
>         offices be paid?

      This Department acknowledges receipt of your letter of January 6th, which raises the questions stated above, and requests our opinion thereon.

      With reference to the first question, you are respectfully referred to the provisions of Article 3891, R. C. S., as amended. In part it provides:

> "Each officer named in this chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided."

      In addition, you are referred to Article 3899, R. C.

S., amended, relating to monthly expense accounts, reading in part as follows:

"The amount of such expenses, together with the amount of salaries paid to assistants, deputies and clerks shall be paid out of the fees earned by such officer."

There are two clearly defined provisions of the statutes contained in Title 61 of the Revised Civil Statutes, one applicable to counties wherein officers are compensated on a fee basis, the other where compensation is provided under the salary system. From inquiry made to the Comptroller, we are advised that Shackelford County is a "fee" county with a population of 6,695 and property valuation of $6,842,790.

There is, in view of the statutes quoted above, no general law authorizing the employment of a stenographer for the county judge and payment of salary from the general fund. If there is any special law applicable to Shackelford County, or those counties falling within a population or property valuation bracket which would apply to Shackelford County, we are unable to find it.

You are, therefore, advised that there is no legal authority for payment of the county judge's stenographer from the general fund.

The supplemental letter opinion written you on December 21, 1938 by Assistant Attorney General R. E. Gray is withdrawn, and specifically overruled.

With reference to salaries of deputies, assistants, etc. of the sheriff's and clerk's offices, it is our opinion the provisions of Articles 3891 and 3899, supra, likewise apply and their compensation must be derived from fees of the offices.

We have your inquiries for opinions relative to transfers of certain funds enumerated in your other letters dated January 6th. We beg to advise that the complicated questions therein raised are receiving our consideration and

Hon. Thomas L. Blanton, Jr., January 27, 1939, Page 3

will be answered at the earliest possible time we can digest
the authorities and reach our conclusion.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Benjamin Woodall_
Assistant

BW:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS